**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JULIE E. GARRETT | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 3:10CV00165  SWW |
| PRIME TRANSPORT, INC.; DALBO | * | |
| HOLDINGS, INC.; DALBO, INC., and | * | |
| KYLE STORY | * | |
| | * | |
| | * | |
| Defendants | * | |
| | * | |

**ORDER**

Plaintiff Julie E. Garrett ("Garrett") brings this personal injury action against Defendants

Prime Transport, Inc. ("Prime"), Dalbo Holdings, Inc. and Dalbo, Inc. (collectively "Dalbo"),[1]

and Kyle Story ("Story").  Before the Court are Garrett's motion to transfer (docket entry #4)

and Defendants' response in opposition (docket entry #8).  Also before the Court is Defendants'

motion to dismiss, seeking dismissal of claims against Prime, Dalbo Holdings, Inc., and Dalbo,

Inc. for lack of personal jurisdiction and dismissal of claims against all defendants for

insufficient process and service of process.  The time for responding has passed, and Garrett has

not responded.  After careful consideration, and for reasons that follow, Garrett's motion seeking

transfer to the United States District Court for the Northern District of Indiana will be denied,

---

[1]Garrett alleges that Dalbo, Inc. is a wholly owned subsidiary of Dalbo Holdings, Inc.,
and she refers to the separate entities collectively as "Dalbo," making no distinction between the
two.  *See* Complaint, docket entry #1.

Defendants' motion to dismiss will be granted, and this case will be dismissed without prejudice.

## I.  Background

The following facts are taken from the complaint.  On January 15, 2007, Garrett, an

Oklahoma resident, was involved in an automobile accident in Fort Worth, Texas in which she

sustained physical injuries, including the traumatic amputation of her left arm.   The accident

involved Garrett's vehicle and Prime's road tractor.  At the time of the accident, Story was

driving the road tractor and transporting a trailer for Dalbo.

Garrett reports the following history regarding litigation arising from the January 15,

2007 collision:

1. On October 24, 2008, Garrett filed suit against Defendants and others in the United States District Court of the Western District of Oklahoma, and on July 23, 2009, the district court dismissed all claims against Story and Prime, without prejudice, for lack of personal jurisdiction.  Subsequently, Garrett voluntarily dismissed the remaining pending claims and the Oklahoma action  was dismissed in its entirety.

2. On February 22, 2010, Garrett filed suit against Defendants in the United States District Court for the Northern District of Texas.  On May 11, 2010, the district court dismissed Garrett's claims against Prime and Dalbo as time barred.  On July 6, 2010, the district court dismissed Garrett's remaining claim against Story for failure to comply with an order to show proof of service as to Story.  *See Garrett v. Prime Transport*, No. 4:10CV122-A (N.D. Tex, Order entered July 6, 2010).

3. On July 22, 2010, Garrett filed suit against Defendants in the United States District Court for the Northern District of Indiana.  The same day, Garrett commenced this action against Defendants, which duplicates her lawsuit filed in the Northern District of Indiana.

## II.  Motion to Transfer

Garrett asks the Court to transfer this case to the Northern District of Indiana pursuant to

28 U.S.C. § 1404(a)  "so that all claims may be litigated as to all parties involved in this

lawsuit."  Docket entry #4, at 3.  Garrett states that Indiana is "the home jurisdiction" of Prime

and is the most convenient forum for litigating this case.  She further states that she "filed this

current action out of an abundance of procedural caution, yet still wishes to exercise her right to

choose her forum."  Docket entry #4, at 3.

Title 28 U.S.C. § 1404(a) provides:   "For the convenience of the parties and witnesses,

in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought."  Because Garrett filed suit in the Northern District

of Indiana before she instituted this duplicate case,  transfer to the Northern District of Indiana

would serve none of the remedial purposes set forth under § 1404(a).  Section § 1404(a)

addresses "problems arising where, despite the propriety of the plaintiff's venue selection, the

chosen forum was an inconvenient one."  *See Van Dusen v. Barrack*, 376 U.S. 612, 634, 84

S.Ct. 805, 818 (1964) (discussing the choice of law issues inherent with transfers under 28

U.S.C. §§ 1404(a) and 1406(a)).  Given Garrett's concession that she filed this duplicate action

"out of an abundance of procedural caution," the issue here is not one of inconvenience but one

of Garrett's attempt to avoid a "procedural" problem.

### III.  Motion to Dismiss

*Personal Jurisdiction*

Separate Defendants Prime Transport, Inc., Dalbo Holdings, Inc. and Dalbo, Inc. move to

dismiss claims against them for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).

A federal court sitting in a diversity action may assume jurisdiction over a nonresident defendant

to the extent permitted by the long arm statute of the forum state.   Arkansas's long-arm statute

permits the assertion of jurisdiction to the fullest extent allowed by the Fourteenth Amendment's

Due Process Clause, which permits the exercise of personal jurisdiction over a nonresident

defendant that has "certain minimum contacts with [the forum state] such that the maintenance of

the suit does not offend 'traditional notions of fair play and substantial justice.'" *International*

*Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154 (1945)(quoting *Milliken v. Meyer,* 311

U.S. 457, 463 (1940)).

The Supreme Court has held that in order to exercise personal jurisdiction, "it is essential in

each case that there be some act by which the defendant purposefully avails itself of the privilege

of conducting activities within the forum State, thus invoking the benefits and protections of its

laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228 (1958).   Five factors should be

considered when resolving a personal jurisdiction inquiry:  (1) the nature and quality of the

defendant's contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the

cause of action to the contacts; (4) the interest in the forum state in providing a forum for its

residents; and (5) the convenience of the parties.  *Digi-Tel Holdings, Inc. v. Proteq*

*Telecommunications (PTE), Ltd.*, 89 F.3d. 519, 522-23 (8th Cir. 1996). The first three factors are

closely related and are of primary importance, while the last two factors are secondary. *Id.* at 523.

The Supreme Court has identified two types or theories of personal jurisdiction: general

and specific.   General personal jurisdiction exists when the defendant has "continuous and

systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise

out those contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16,

104 S.Ct. 1868 (1984).  Specific personal jurisdiction, in contrast, exists only if the injury giving

rise to the lawsuit occurred within or had some connection to the forum state. *Id.* at 414, 104 S.Ct.

1868.

Prime and Dalbo[2] assert that neither has conducted activity in forum state that would support the exercise of personal jurisdiction.  However, the separate defendants proffer no affidavits or other evidence on the issue, and Garrett has not filed a response in opposition to the motion to dismiss.  Accordingly, dismissal for lack of personal jurisdiction is proper at this stage only if, resolving all facts in Garrett's favor, the complaint is void of allegations sufficient to establish personal jurisdiction.  *See Dakota Industries, Inc. v. Dakota Sportswear, Inc*.  946 F.2d 1384, 1387 (8th Cir. 1991)(citations omitted)("If the district court does not hold a hearing and instead relies on pleadings and affidavits, as it did here, the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party.").

In her complaint, Garrett alleges that Prime "is incorporated or has its principal place of business in the State of Indiana" and that Dalbo is "incorporated or has its principal place of business in the State of Utah."  Compl., ¶ 3-4.  Garrett further alleges that Prime and Dalbo have "conducted business in the state of Arkansas . . . at relevant times thus giving this Court jurisdiction over the Defendant."  *See id*.

Garrett does not allege that Prime or Dalbo are physically present in Arkansas or that they have designated agent for service of process here, and it is undisputed that the accident giving rise

---

[2]Garrett refers to Dalbo Holdings, Inc. and Dalbo, Inc. collectively as "Dalbo" but alleges no facts that would warrant disregarding the separate corporate entities or exercising personal jurisdiction over one based on the activities of the other.  *Cf. Anderson v. Dassault Aviation*, 361 F.3d 449 (8th Cir. 2004)(where parent company's contacts with forum state went well beyond mere ownership of a subsidiary residing in the forum state, the district court had personal jurisdiction over the parent company).  Because Garrett refers to the separate entities collectively as "Dalbo," the Court will do the same.

to Garrett's claims occurred in Fort Worth, Texas.  Accordingly, the Court finds that the only

possible basis for exercising personal jurisdiction over Prime and Dalbo is that the entities have

conducted business activities in Arkansas that are sufficiently continuous and systematic to subject

them to the Court's general jurisdiction.

The complaint contains no  allegations regarding the nature, quantity, or quality of the

separate defendants' alleged business activities in Arkansas; Garrett merely alleges that Prime and

Dalbo have conducted business in Arkansas.  Viewing the complaint in a light most favorable to

Garrett, the Court finds that pleading is void of allegations sufficient to establish personal

jurisdiction over Prime and Dalbo.  *See Dever v. Hentzen Coatings, Inc*.,  380 F.3d 1070, 1074 (8th

Cir. 2004)(affirming dismissal for lack of personal jurisdiction over separate defendants where

plaintiff rested on conclusory allegations in complaint to establish minimum contacts).

*Process and Service of Process*

Approximately six months after Garrett commenced this lawsuit, Defendants moved for

dismissal for insufficient process under Fed. R. Civ. P. 12(b)(4) and insufficient service of process

under Fed. R. Civ. P. 12(b)(5).[3]  Motions for dismissal under Rule 12(b)(5) concern the proper

procedure for serving the summons and complaint and challenge the mode or lack of delivery of

the summons and complaint, and motions for dismissal under Rule 12(b)(4) challenge the content

of the summons. Defendants provide no specific objections regarding mode of service of the

summons and complaint or the content of the summons and assert only that Garrett has  "failed to

serve *any* of the Defendants."  Docket entry #7, at 5.  Accordingly, the Court construes

---

[3]Defendants assert insufficient process and service of process in an answer filed October
2, 2010.  Docket entry #2, ¶ 24.

Defendants' motion as one to dismiss for insufficient service of process based on lack of delivery of the summons and complaint.

Garrett has failed to respond to Defendants' motion and has failed to file proof of service as required under Fed. R. Civ. P. 4(l).  Rule  4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

A  district court has discretion to deny a motion to dismiss for lack of timely service if it concludes there is good cause for a plaintiff's failure to serve within 120 days.  Here, however, time for responding to motion to dismiss has passed, and Garrett has failed to come forward with any reason for her failure to serve Defendants.  Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Rule 4(m).

## IV.  Conclusion

For the reasons stated, the Court finds that Plaintiff's motion to transfer (docket entry #4) should be and is hereby DENIED and that Defendants' motion to dismiss (docket entry #6) should be and is hereby GRANTED.  Pursuant to the judgment entered together with this order, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 29TH  DAY OF APRIL, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE